**Molly WORK, et al., Plaintiffs,**

v.

**Floretta Dukes McKENZIE, et al., Defendants.**

**Civ. A. No. 86–3137.**

United States District Court, District of Columbia.

April 1, 1987.

Michael J. Eig, Washington, D.C., for plaintiffs.

Deborah Miron, Asst. Corp. Counsel, Washington, D.C., for defendants.

## MEMORANDUM ORDER

JOHN GARRETT PENN, District Judge.

The plaintiffs filed this action pursuant to the Education for All Handicapped Children Act (EHA), 20 U.S.C. § 1400 *et seq.* They appeal from an administrative determination that the Prospect Learning Center (Prospect), a District of Columbia Public Schools (DCPS) special education facility represents an appropriate placement for Molly Work and they ask for injunctive relief requiring DCPS to place and fund Molly at the Lab School of Washington (Lab School) and for a declaratory judgment that the defendants' refusal to provide the "related service" of transportation to Molly violates the EHA, its implementing regulations, and the Education Department General Administration Regulations (EDGAR).

The case is now before the Court on the plaintiff's motion for a preliminary injunction in which they seek to have this Court order the defendants to provide transportation to and from Molly's home and the Lab School.

### I

Molly is a 12 year old, multi-handicapped child who is eligible for special education and related services pursuant to the EHA. The underlying facts as set forth in the complaint are as follows: On or about March 5, 1986, Molly's parents filed a Confidential Student Services Form (CSSF) with DCPS requesting special education and related services. The plaintiffs allege, and the Court accepts for the purposes of the pending motion, that DCPS failed to process Molly's case within the prescribed timelines. On May 30, 1986, a due process hearing was held after which a determination was filed holding that DCPS had denied Molly an appropriate educational program by failing to meet the time lines. DCPS proposed a program for Molly in August 1986 when the agency proposed Prospect. The plaintiffs allege that because DCPS failed to propose a placement for Molly within a reasonable time after the due process hearing, they were forced to seek an appropriate program on their own. The plaintiffs located the Lab School, a private special education day school.

After DCPS proposed Prospect, the plaintiffs requested another due process hearing to challenge that proposal. The hearing was held on September 8, 1986, and on September 19 the hearing officer issued a determination finding that Prospect represented an appropriate placement for Molly.

The plaintiffs placed Molly at the Lab School in September 1986, and she remains there where tuition is being paid by her parents. In the pending motion, the plaintiffs seek to have the Court order the defendants to provide transportation for Molly to and from the Lab School. Plaintiffs' request is based on two contentions. First, they argue that the EHA and its implementing and related regulations require

DCPS to provide transportation to the Lab School as a related service even though Molly was unilaterally placed in the school by her parents. Second, they argue that they are entitled to injunctive relief requiring transportation because in the absence of such relief, they will suffer irreparable injury.

## II

The plaintiffs contend that the EHA requires DCPS to provide the related service of transportation even though they unilaterally placed Molly at the Lab School.

■■■ The EHA requires participating states to provide all handicapped children with a free appropriate public education. 20 U.S.C. §§ 1400(c) and 1412(1). The statute and its implementing regulations provide an elaborate scheme for the identification of children with handicaps, the designation of programs appropriate for their unique needs, and procedural safeguards to protect their rights. Not only must the public school system provide special education services, it must also provide related services, and such related services may include transportation. 20 U.S.C. § 1401(17). In providing special education, DCPS may utilize appropriate public school programs or may place and fund a handicapped child in a private school. 34 CFR §§ 300.400—300.403. If a handicapped child has been given a free appropriate public education, and the parents nevertheless choose to place the child in a private school, DCPS is not required to pay for the child's education at the private school, but it is required to make services available to the child as proscribed under 34 CFR §§ 300.-450—300.452. *Id.* § 300.403(a). In the event DCPS and the parents disagree, the question of financial responsibility and the appropriateness of the special education program are subject to a due process hearing. *Id.* § 300.403(b).

■■■ The regulations, Section 300.451(a), provide that even though a parent unilaterally places a child in a private school that:

(a) To the extent consistent with their number and location in the State, provision is made for the participation of private school handicapped children in the program assisted or carried out under this part by providing them with special education and related services; and ...

Plaintiffs argue that the above section requires DCPS to provide the related services of transportation to the extent possible. Here, they contend that since DCPS has placed and funded other children at the Lab School and undoubtedly provides transportation for some or all of those children, it is convenient and appropriate for the school system to provide such transportation to Molly since a school bus passes within a few blocks of her home. They read the regulations as establishing an absolute requirement that DCPS provide such transportation, although they also seem to suggest that the public school may not be required to provide such transportation where either the child or the private school is out of the way or not located close to an established school bus route.

DCPS argues that the public school agency is not required to provide transportation under the circumstances of this case and that Section 300.451 applies to those cases where a child is placed in a private school by his or her parents and requires a particular program such as speech therapy. DCPS contends that once the child's needs are established, for example for speech therapy, that DCPS would be required to provide related services and to provide transportation in order that the child may receive such therapy.

After giving careful consideration to the EHA and the related regulations, the Court concludes that the plaintiffs reading of the statute and regulations is much too broad.

For the sake of addressing this part of plaintiff's motion, the Court assumes that Prospect represents an appropriate placement for the child. Once DCPS has designated an appropriate placement, the parents have a choice. They can place the child in the public or private school designated by DCPS or they can place the child in a private school of their own choosing without approval by DCPS. If they elect the latter, DCPS is not required to pay for

the school, however, if the private school lacks a special education component that the child requires, for example, speech therapy, DCPS would then be required to furnish that service and to provide transportation where necessary. This does not mean, however, that DCPS is required to transport Molly to and from the Lab School.

Sections 300.400—300.403 relating to placement in private schools by the public agency must be read together with Sections 300.450—300.452 when considering the question before the Court. In Sections 300.400—300.402, the regulations provide that the public agency may place the child in a private school and that when it does so, it assumes the responsibility for monitoring the program, paying the educational costs, and providing any necessary related services, including transportation. Section 300.-403 makes clear, however, that when the public agency provides a free *appropriate* public education, and the parents choose to place the child in a private school nevertheless, the regulations relating to payment for a private school are not involved and therefore "the public agency is not required by [the regulations] to pay for the child's education at the private school." But, the public agency is required to make services available as provided in Sections 300.450—300.452. The latter sections merely make clear that notwithstanding a unilateral placement of a child in a private school, the public agency is not relieved of *all* responsibility for the child, but must provide the handicapped child who is unilaterally placed in the private school with special education and related services where necessary. For example, if a child requires speech therapy, or has a particular learning disability which can be addressed in a special class, DCPS would be required to provide the service, and if necessary, transport the child to the facility where the special education class is held.

Here, the parties apparently agree that Molly requires a total special education program—not merely one or two classes per day. DCPS has provided that program by proposing to place the child at Prospect.

The plaintiffs, as is their right, have rejected that proposal and chosen to place the child at the Lab School. They must therefore bear the entire expense and provide the transportation to and from the school. 34 CFR § 300.403.

This Court does not read the regulations as requiring DCPS to take on the added burden of transporting the child where the public school has provided an appropriate alternative. Even the plaintiffs have difficulty in articulating the limitations on such a ruling. Would DCPS then be required to transport every handicapped child who unilaterally decides to attend a private school, and if so, would the agency be required to provide transportation outside of this jurisdiction, for example, to Maryland or Virginia where a number of special education schools and facilities are located? Would the agency be required to provide transportation to such facilities in states as far away as Massachusetts and Florida where District of Columbia parents, and sometimes DCPS, have sent handicapped children? The Court concludes that DCPS does not have that responsibility, and that these parents are no different than the parents of non-handicapped children who elect to send their children to private schools.

The EHA does not require DCPS to incur the additional cost and risk by transporting children who unilaterally elect to attend private schools. As noted above, plaintiffs have some difficulty in placing a limitation on such a ruling. They argue that the ruling would not necessarily apply to *all* handicapped placed unilaterally in private schools, it would apply only to those children who may be near a school bus line, or where the transportation of the child would not greatly inconvenience the system. But, the result suggested by the plaintiffs is itself fraught with issues, primarily, whether under such an interpretation, all handicapped children are being treated equally. On the other hand, to provide transportation to all, may well, as the defendants suggest, open the flood gates. It may require the purchase of new buses or the hiring of new drivers and attendants, and it certainly means that DCPS would suffer

greater exposure to liability. In short, a full program of such transportation may well result in draining funds or resources from other programs designed for children who choose to attend the public schools at a time when such funds are limited.

In sum, this Court concludes that neither the EHA nor the implementing regulations require DCPS to provide transportation for Molly to attend the Lab School. Accordingly, so much of the motion for preliminary injunction as is based upon this argument must be denied. There are no outstanding genuine issues of material fact and therefore the defendants are entitled to summary judgment and a denial of plaintiff's request for a declaratory judgment on this issue. *See* Fed.R.Civ.P. 56.

### III

In Part II, the Court assumed, for the purpose of consideration of the motion addressed in that part that Prospect represents an appropriate educational placement, since plaintiff's argument is really that under any circumstances, DCPS is required to furnish the requested transportation. In this Part, the Court makes no such assumption and addresses the classic request for injunctive relief.

To be entitled to injunctive relief, the plaintiffs must demonstrate that they are likely to prevail on the merits, that they will suffer irreparable injury if injunctive relief is denied, that the granting of injunctive relief will not cause substantial harm or injury to the other parties, and where lies the public interest. *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.,* 182 U.S. App.D.C. 220, 222, 559 F.2d 841, 843 (1977). "The necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other factors." *Id.*

With respect to the question of the likelihood of the plaintiff's prevailing on the merits, there is an insufficient record for the Court to make such a determination. The Court heard the testimony of Mrs. Work who testified that in her opinion Prospect did not represent an appropriate placement. Opposed to that opinion is the affidavit of Susan Chadwick, a psychologist at the Prospect Learning Center, who reviewed the records of Molly and who attended the administrative hearing on the appropriateness of the placement and who expresses her professional opinion that Prospect represents an appropriate placement.

Mrs. Work also testified that she does not have the available funds or resources with which to pay for Molly's transportation to and from the Lab School and that she can only transport the child to the school at great inconvenience to herself or other members of her family. She testified that Molly's parents are divorced and that Mr. Work has agreed to provide the tuition for Molly at the Lab School, but will not provide funding for transportation or will not transport Molly to and from the school. The Works have two other children who are attending Sidwell Friends, a private school in the District of Columbia. Although Mrs. Work has testified concerning her financial ability to pay for transportation, she has not offered the testimony or affidavit of Mr. Work in that regard.

The Court finds that the plaintiffs have failed to demonstrate that they will suffer irreparable injury if injunctive relief is not granted. They have failed to demonstrate that they cannot provide transportation for Molly either by transporting the child themselves, or paying for such service.

In view of the above, the Court concludes that the motion must be denied.

### ORDER

It is hereby

ORDERED that plaintiff's motion for a preliminary injunction is denied, and it is further

ORDERED, *sua sponte,* that the defendants shall have summary judgment with respect to Count III of the Complaint relating to the transportation of the child to the Lab School of Washington.