**Marc FAGAN, et al., Plaintiffs,**

v.

**DISTRICT OF COLUMBIA, et al., Defendants.**

**Civ. A. No. 90–0371.**

United States District Court, District of Columbia.

March 25, 1993.

Beth Goodman, Feldesman, Tucker, Leifer, Fidell & Bank, Washington, DC, for plaintiffs.

Nancy Neumann, Asst. Corp. Counsel, Washington, DC, for defendants.

## MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

This case is before the Court pursuant to plaintiffs' and defendants' cross motions for summary judgment. For the reasons discussed below, we grant defendants' motion and deny plaintiffs' motion.

*Background*

Plaintiffs, Marc Fagan and his parents, brought this action against the District of Columbia Public Schools ("DCPS") and DCPS's Superintendent, Franklin L. Smith, for the expenses of Marc's placement in a private school. They allege that DCPS failed to provide Marc with a proper school placement as required by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 *et seq.* (1988),[1] and inferentially, that their unilateral action was justified.

The IDEA provides that school districts receiving federal assistance must provide a "free and appropriate public education" to handicapped students. 20 U.S.C. § 1412(1). Placements must be made pursuant to an "individualized education program" ("IEP") which assesses each student's abilities and needs. 20 U.S.C. § 1414(a)(5). Plaintiffs allege that the IEP prepared for Marc was procedurally defective and that DCPS failed to make an appropriate school placement for Marc.

The following facts are undisputed. On May 2, 1989, Marc's parents filed a Comprehensive Student Services Form ("CSSF") with DCPS, requesting that Marc be evaluated for special education placement because he had been diagnosed as a "seriously emotionally disturbed" student. The Fagans requested that DCPS approve and finance placement at the Somerset School (now called Parkmont), a small, private school which Marc had attended since September 1988. The school holds small classes of three to eight pupils, and Marc was reportedly functioning well there.

DCPS held an IEP meeting on July 26, 1989 to assess Marc's special needs, but failed to include the parents in the development of the IEP, as required by the IDEA.

See 20 U.S.C. § 1415(b); 34 C.F.R. § 300.345 (1992). Moreover, the Confidential Report, also required for placement, was not signed by all members of the multidisciplinary team or developed with the aid of Marc's current teachers. Nevertheless, despite these procedural defects, DCPS on August 8, 1989 notified the Fagans of its proposed placement at the public South Adolescent Psychoeducational Program. DCPS rejected the Fagans' requested placement at the private Somerset School because a "free appropriate public education" could be provided to Marc at South Adolescent. *See* Administrative Record ("AR") at 17.

Plaintiffs challenged DCPS's choice of program in a due process hearing held on October 11, 1989, conducted pursuant to 20 U.S.C. § 1415(b)(2). The Hearing Officer agreed that there were substantial deficiencies in the IEP and the Conference Report and ordered that a new IEP and Report be developed. Without developing a new IEP, however, DCPS proposed yet another placement at the Wilson High School. Again, plaintiffs challenged the proposal in a due process hearing held on January 11, 1990. The Hearing Officer again found that "DCPS could not meet its burden of proof that it proposed an appropriate placement" because the IEP was developed without the participation of the parents. AR at 111.

In a subsequent written ruling, the Hearing Officer also determined that placement at the Somerset School was inappropriate because "it does not provide special education and related services which meet the standards of the State educational agency." AR at 115. According to the Officer, Somerset School's professional staff did not meet the Board Rules requirement that they be licensed to work with handicapped children. AR at 116 (citing Board Rule 3016.5). The Officer therefore gave the Fagans until February 5, 1990 to inform DCPS whether they wanted to have DCPS "propose a fulltime, *special education* placement that can meet Marc's academic and emotional needs." AR at 115–116 (emphasis in original).

---

1. This Act was formerly known as the Education    of the Handicapped Act.

The Fagans did not respond to DCPS with such a request. Instead, they continued to send Marc to the Somerset School, from which he graduated in 1992. On February 20, 1990, the Fagans filed the present action appealing the Hearing Officer's determination that the Somerset School was inappropriate and claiming that, since DCPS failed to meet its obligations under IDEA, it is now obliged to bear the financial costs of Marc's private schooling.[2] In their Complaint, the Fagans seek retroactive relief for tuition reimbursement, a declaratory judgment that placement at the Somerset School was proper, and costs and attorneys' fees. Defendants filed a Motion to Dismiss, which was denied on April 3, 1991.

Both parties have moved for summary judgment on the Fagans' claims. Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate here since, as mentioned above, there is no genuine issue as to any material fact. The only dispute in this case is whether defendants are obligated by law to reimburse the Fagans for tuition paid to the Somerset School.

*Discussion*

■ The process delineated by the IDEA is designed to ensure that the local educational agency and the parents work collectively in finding an appropriate placement for their child. Generally, the local agency will try to provide a "free appropriate public education" in a public school. In instances where there is no appropriate public education program available, however, the agency may place the child at a private school at no cost to the parents. *See* 20 U.S.C. § 1413(a)(4)(B)(i). In such situations, "the State educational agency shall determine whether such schools and facilities meet standards that apply to State and local educational agencies." 20 U.S.C. § 1413(a)(4)(B)(ii).

■ The mechanism established by the IDEA therefore leaves parents with several options. The parents may immediately place the child in the public or private school designated by the agency. Alternatively, the parents may contest the placement by seeking review of the agency's IEP in a state administrative due process hearing by an impartial Hearing Officer, 20 U.S.C. § 1415(b)(2), and may further appeal that decision in a State or federal district court. 20 U.S.C. § 1415(e). Finally, the parents may reject the placement entirely and place the child in a private school of their choice without approval by the local agency. If they choose the latter, the agency is not required to pay for the child's schooling. *See* 34 C.F.R. § 300.403(a) (1992)[3]; *Work v. McKenzie,* 661 F.Supp. 225, 228-29 (D.D.C.1987).

The Supreme Court has added that, in certain cases where a parent has unilaterally sent the child to a private school without the agency's approval, the parent may still be reimbursed. *See Burlington School Comm. v. Dept. of Educ. of the Commonwealth of Massachusetts,* 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985). In *Burlington,* the Court held that, when a parent chooses to place the child in a non-approved private school while challenging the placement selected by the agency, the parents may be reimbursed for tuition paid to the private school *if* the court agrees with the parents that the agency's placement was inappropriate and that the unilateral placement by the parents was appropriate and "proper under the Act." *Id.* at 369, 105 S.Ct. at 2002. If, however, the court "ultimately determine[s] that the IEP proposed by the school officials was appropriate, the parents would be barred from obtaining reimbursement for any interim period." *Id.* at 374, 105 S.Ct. at 2004.

Plaintiffs in this case contend that *Burlington* applies to the situation before us. They maintain that the agency's placement was inappropriate because the IEP was invalid, and that placement at the Somerset

---

**2.** An Order of April 9, 1992 granted plaintiffs' Motion to Dismiss the claim for prospective relief since Marc had completed all requirements for graduation on February 15, 1992.

**3.** 34 C.F.R. § 300.403(a) provides in relevant part:

If a handicapped child has available a free appropriate public education and the parents choose to place the child in a private school or facility, the public agency is not required by this part to pay for the child's education at the private school or facility.

School was an appropriate placement for Marc. Pursuant to *Burlington*, they therefore assert that DCPS should reimburse them for the tuition paid to the Somerset School pending the challenge of the agency's decision. For the reasons which follow, we disagree.

### A. *January 11, 1990 to February 15, 1992*

■ To begin with, we find that plaintiffs are ineligible for reimbursement of tuition payments following the Hearing Officer's determination of January 11, 1990, because, from that point on, plaintiffs were in a different posture procedurally from the parent challenging the placement in *Burlington.*

In *Burlington*, the local agency had selected a placement which plaintiffs appealed through a due process hearing and, ultimately, to the district court. The court agreed that the agency's selection was inappropriate and the father's selection was "proper under the Act." In this situation, the Supreme Court held that the Act authorized reimbursement because "it would be an empty victory to have a court tell them several years later that they were right but that these expenditures could not in a proper case be reimbursed by the school officials." *Id.* at 370, 105 S.Ct. at 2003.

In the case before us, however, the Fagans have not presented us with an allegedly invalid DCPS placement. Rather, the Hearing Officer in this case ruled in a written determination of January 11, 1990, that the DCPS placement was void as a result of procedural defects in the IEP. The Officer put the burden on the Fagans to contact DCPS within a certain time period if they wanted to develop a new IEP.[4] Plaintiffs, however, failed to so notify DCPS.

Reimbursement is inappropriate after the Hearing Officer's ruling, then, because the Fagans were primarily to blame for the failure to develop a new IEP. They chose, instead, to avoid further cooperation with DCPS, essentially rejecting further opportunities to obtain a "free and appropriate public education" through IDEA procedures.

We find this situation to be far more akin to the parent who rejects the DCPS placement and unilaterally sends the child to the private school of his or her own choice, than to the *Burlington* situation where the parent sends the child to private school pending appeal of an agency placement. As mentioned above, when a parent pursues the first alternative, rejecting efforts to work with the agency, the parent must do so at his or her own expense. *See* 34 C.F.R. § 300.403(a) (1992).

### B. *July 26, 1989 through January 11, 1990*

■ There is, of course, the narrower question of whether the Fagans should be reimbursed during the time DCPS was solely at fault in failing to produce an adequate IEP. Numerous cases have established that reimbursement is appropriate for the period in which the local agency failed to abide by the statutory procedures in the IDEA. *See, e.g., Block v. District of Columbia,* 748 F.Supp. 891 (D.D.C.1990) (holding that parents must be reimbursed for period in which DCPS had failed to timely produce an IEP). In this case, DCPS repeatedly failed to include Dr. and Mrs. Fagan in developing Marc's IEP, in violation of 20 U.S.C. § 1415(b).

The Hearing Officer determined, however, that reimbursement for tuition paid to the Somerset School would be invalid for any period because the Somerset School is not an authorized school under local law. As noted by the Officer, the Somerset School did not have teachers who were "duly certified or licensed by the jurisdiction in which the facility is located to work with the types of handicapping conditions which the facility purports to serve," as required under 5 D.C.M.R. § 3016.5. *See* AR at 116. The Fagans have appealed the Hearing Officer's determination.

■ In reviewing a Hearing Officer's ruling, the court must give "due weight" to the administrative proceedings, *Hendrick Hud-*

---

4. We do not find that this burden was improperly placed since DCPS had grounds to believe that the Fagans were not interested in cooperating

with DCPS and only wanted funding for the Somerset School.

*son Dist. Bd. of Ed. v. Rowley,* 458 U.S. 176, 206, 102 S.Ct. 3034, 3050, 73 L.Ed.2d 690 (1982). While the judicial review provision of IDEA, § 1415(e)(2), "plainly suggests less deference than is conventional," it is still clear that "a party challenging the administrative determination must at least take on the burden of persuading the court that the hearing officer was wrong." *Kerkham v. McKenzie,* 862 F.2d 884, 887 (D.C.Cir.1988).

■ The Fagans contend that, contrary to the Hearing Officer's determination, reimbursement to an unauthorized school is permissible under the IDEA. This question has been addressed by several Circuits, although it has not yet been considered by the D.C. Circuit. While the Fourth Circuit has upheld reimbursement to unauthorized private schools, *see Carter v. Florence County School District Four,* 950 F.2d 156 (4th Cir.1991)[5], the Second Circuit has found such awards invalid under the IDEA. *See Tucker v. Bay Shore Union Free School District,* 873 F.2d 563 (2d Cir.1989). This Court finds that the reasons given by the Second Circuit weigh against such awards.

First, as the court in *Tucker* noted, such reimbursements seem to contravene the clear wording of the statute. *See* 873 F.2d at 565. The IDEA states that a "free appropriate public education" includes only "special education and related services that ... meet the standards of the State educational agency." 20 U.S.C. § 1401(a)(18). As mentioned above, the IDEA also provides that handicapped children may be placed in private schools by the local agencies if those schools "meet standards that apply to State and local agencies." *Id.* at § 1413(a)(4)(B). It seems clear, then, that the Act "expressly incorporates State educational standards" and that "[w]hen a handicapped child is educated at a private school ..., the State has an obligation to ensure that the school meets applicable State educational standards." *Schimmel by Schimmel v. Spillane,* 819 F.2d 477, 484 (4th Cir.1987).

We find, secondly, that to permit reimbursement for unilateral placement at unauthorized schools would defeat many of the goals behind the IDEA. Certainly, one of the purposes behind the authorization requirement and IDEA is that the child receive the special education and care that he or she needs. If the parent could be reimbursed for a placement at a private school without such services, the State would no longer be able to guarantee that it was providing an "appropriate" education to a handicapped child.

Additionally, placement at an unauthorized school might discourage cooperation between parents and the local agency in choosing an "appropriate" education. If parents could be reimbursed for placement at a private school of their choice, they would have every incentive to proceed without agency approval and later seek retroactive relief. This action is not of the type this Court would encourage.

Since we find that the Fagans have failed to persuade us that the Hearing Officer's determination was invalid, we uphold the ruling below.

*Conclusion*

To summarize, we find that the Fagans may not be reimbursed for any portion of their tuition payments to the Somerset School because they had not made a valid appeal, pursuant to *Burlington,* and because the IDEA is best construed as prohibiting reimbursements for tuition to unauthorized schools. The bottom line and most compelling reason is that we are not authorized to grant reimbursement to parents who unilaterally place their children in private facilities that do not meet state educational standards. We therefore grant defendants' Motion for Summary Judgment and deny plaintiffs' Motion for Summary Judgment. An Order consistent with the above has been entered this day.

### ORDER

This Court, having considered plaintiffs' and defendants' Motions for Summary Judgment, the opposition thereto, and the entire

---

5. The Fourth Circuit in *Carter* has held that the requirement that private schools meet state educational standards applies "only when the child is placed in the private school by the state or local school system. The Act itself simply imposes no requirement that the private school be approved by the state in parent-placement reimbursement cases." 950 F.2d at 162.

record therein, and for reasons stated in an accompanying Memorandum Order entered this day, it is this 25th day of March, 1993, hereby

ORDERED that plaintiffs' Motion for Summary Judgment is denied; and it is

ORDERED that defendants' Motion for Summary Judgment is granted; and it is

FURTHER ORDERED that the above-captioned case is dismissed with prejudice.